**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10483 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00148-JAD |
| v. | |
| JULIO DE ARMAS DIAZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted August 15, 2018[**]

Before:   FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Julio De Armas Diaz appeals from the district court's judgment and

challenges the 103-month sentence imposed on remand following his jury-trial

convictions for conspiracy to interfere with commerce by robbery, in violation of

18 U.S.C. § 1951; false statement, in violation of 18 U.S.C. § 1001; conspiracy to

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

commit theft from interstate shipment, in violation of 18 U.S.C. § 371; and three counts of theft from interstate shipment, in violation of 18 U.S.C. §§ 659 and 670. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Diaz contends that the district court denied his request for a downward variance to reflect his post-conviction rehabilitation on the improper ground that it was already granting a variance on another basis, resulting in a substantively unreasonable sentence. The district court did not abuse its discretion in imposing Diaz's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The record refutes Diaz's claim that the court did not understand that it could vary downward on two independent bases. Rather, the court considered Diaz's positive post-sentencing conduct and was simply unpersuaded that it warranted a sentence below 103 months. *See Rita v. United States*, 551 U.S. 338, 358 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the nature of the offense. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**